IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**WILLIAM F. EDENFIELD,**

    **Plaintiff,**

**vs.**                                       **Case No. 4:08cv305-RH/WCS**

**SHRILEY DIANN ULMER,**

    **Defendant.**

    _____/

## REPORT AND RECOMMENDATION

Plaintiff, who is currently incarcerated in the Leon County Jail and proceeding *pro se* in this case, submitted an *in forma pauperis* motion, doc. 2, and a civil rights complaint, doc. 1, on July 8, 2008. An order was entered which deferred ruling on Plaintiff's *in forma pauperis* motion because it was not supported by the required financial affidavit. Doc. 4. Furthermore, Plaintiff was directed to carefully consider whether he could proceed with this case. *Id.* The order explained to Plaintiff that it was "possible that Plaintiff meant to file this case in state court rather than in this federal court." *Id.* I explained in my prior order that "Plaintiff's complaint, filed on a federal § 1983 civil rights complaint form, is against an individual concerning a dispute over an

RV camper."  *Id.*  Plaintiff was further advised "that '[t]o state a claim under § 1983, a plaintiff must allege facts showing that the defendant's act or omission, done under color of state law, deprived him of a right, privilege, or immunity protected by the Constitution or laws of the United States.'  Emory v. Peeler, 756 F.2d 1547, 1554 (11th Cir. 1985); Dollar v. Haralson County, 704 F.2d 1540, 1542-43 (11th Cir.), cert. denied, 464 U.S. 963, 104 S. Ct. 399, 78 L. Ed. 2d 341 (1983)."  Doc. 4.

Plaintiff has sought to continue this case.  Plaintiff submitted the required *in forma pauperis* information, doc. 7, and was granted leave to proceed without pre-payment of the full amount of the filing fee.  Doc. 8.  Plaintiff has now paid the assessed initial partial fee.  Doc. 9.  However, Plaintiff has not presented other factual allegations that might save this action.

Plaintiff's claim is solely against a private person, not a state actor.  That is not a proper Defendant and Plaintiff's complaint cannot proceed.  Plaintiff has not alleged that the named Defendant "deprived him of a right secured by the 'Constitution and laws' of the United States" and did so "under color of any statute, ordinance, regulation custom, or usage of any State. . . ."  Fadjo v. Coon, 633 F.2d 1172, 1174-1175 (5th Cir. 1981), *quoting* Adickes v. S. H. Kress & Co., 398 U.S. 144, 150, 90 S. Ct. 1598, 1604, 26 L. Ed. 2d 142 (1970); *see* Paisey v. Vitale In and For Broward Co., 807 F.2d 889, 892 (11th Cir. 1986); Lugar v. Edmondson Oil Co., 457 U.S. 922, 930, 102 S. Ct. 2744, 2750, 73 L. Ed. 2d 482 (1981); Flagg Brothers, Inc. v. Brooks, 436 U.S. 149, 155, 98 S. Ct. 1729, 1732, 56 L. Ed. 2d 185 (1978).  Plaintiff, thus, has failed to allege facts sufficient to constitute a constitution deprivation under § 1983.

More importantly, these are not constitutional deprivations.  Rather, this is a dispute over a title to an R.V. camper, and Plaintiff's personal property that is or was in the R.V.  Doc. 1.  Plaintiff also alleges that the Defendant took money from his bank account.  *Id.*  These are state law tort claims that belong in state court.  This case cannot proceed in this Court and this case should be dismissed.

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's complaint, doc. 1, be **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2), and that the order adopting this report and recommendation direct the Clerk of Court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**IN CHAMBERS** at Tallahassee, Florida, on August 5, 2008.


  s/      William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**